IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-60453
Summary Calendar

ILIRJAN BEJKO

Petitioner

v.

ERIC H. HOLDER, JR., U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A99 638 489

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:*

Ilirjan Bejko, a native and citizen of Albania, petitions this court for review of a final order of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of his claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Bejko argues that he is entitled to asylum because he suffered past persecution by the politically powerful Dishi family, whom he believed would be protected by the Albanian

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

government. He contends that he is entitled to withholding of removal because he would be subject to persecution on account of religion.

When, as here, the BIA affirms the IJ's decision without an opinion, this court reviews the IJ's decision. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). "The agency's administrative 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

The IJ determined that Bejko's alleged persecution was not based on one of the five statutorily enumerated grounds, i.e., race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1158(b)(1)(B)(i). Rather, the IJ determined that the persecution alleged by Bejko was motivated by the Dishi family's desire to inflict retribution on Bejko, whom they held responsible for the plight of a family member who was sentenced to imprisonment for an act committed at a vehicle repair station managed by Bejko.

Bejko has not met his burden to show that the evidence is so compelling that no reasonable factfinder could reach a conclusion contrary to that reached by the IJ concerning Bejko's application for asylum and for withholding of removal. *See Chen*, 470 F.3d at 1134. Accordingly, we will not disturb the IJ's denial of relief as to these claims. *See id.*; *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350 (5th Cir. 2006).

Bejko also argues that he is entitled to relief under the CAT. He contends that the evidence shows that he will be tortured by members of the politically powerful Dishi family and that the Albanian government will acquiesce in the torture.

A claim under the CAT is a separate claim for relief from asylum or withholding of removal. *See Roy v. Ashcroft*, 389 F.3d 132, 139 (5th Cir. 2004). The torture need not be inflicted because of race, religion, nationality,

membership in a particular social group, or political opinion. *Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002).

The IJ determined that Bejko had not shown that it was more likely than not that he would be tortured if removed to Albania. *See* 8 C.F.R. § 208.16(c)(2). Bejko has failed to meet his burden to show that the evidence is so compelling that no reasonable factfinder could reach a conclusion contrary to that reached by the IJ. *See Chen*, 470 F.3d at 1134. Bejko's petition for review is denied.

PETITION FOR REVIEW DENIED.